IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:19-CR-227 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **TRAVIS PARKER,** | : | |
| | : | |
| **Defendant** | : | |

# ORDER

AND NOW, this 28th day of October, 2019, upon consideration of the motion (Doc. 28) filed *pro se* by defendant Travis Parker ("Parker"), requesting that the court discharge Ari D. Weitzman, Esquire ("Attorney Weitzman"), as his court-appointed counsel and allow him to proceed *pro se* in the above-captioned criminal proceeding, and after conducting an *ex parte* hearing on the matter on today's date, the court finding, for the reasons stated on the record, that Parker has made a "voluntary, knowing and intelligent waiver of the right to be represented by counsel," Buhl v. Cooksey, 233 F.3d 783, 789 (3d Cir. 2000), and that, after being advised by the court of the dangers of self-representation, the nature of the charges against him, and the possible penalties attendant thereto, Parker has clearly and unequivocally asserted his right to represent himself, and the court observing that "a defendant must be allowed to represent him/herself when a proper request is made and counsel is waived," id. at 791 (citing Faretta v. California, 422 U.S. 806, 835-36 (1975)), but that the court "may terminate self-representation by a defendant who deliberately engages in serious obstructionist misconduct," Faretta, 422 U.S. at 834 n.46, it is hereby ORDERED that:

1. Parker's motion (Doc. 28) to dismiss counsel and proceed *pro se* is GRANTED.[1]

2. The appointment of Attorney Weitzman as counsel for Parker in the above-captioned criminal proceeding is TERMINATED.

3. Parker is permitted to proceed *pro se* in this matter.

4. Attorney Weitzman is directed to provide Parker with the file in the above-captioned matter forthwith.

5. Attorney Weitzman is APPOINTED as standby counsel for Parker. See generally McKaskle v. Wiggins, 465 U.S. 168 (1984); United States v. Bertoli, 994 F.2d 1002 (3d Cir. 1993).

6. Standby counsel shall be prepared to perform at least the following functions during trial:

    a. Standby counsel must be available to assist defendant if and when the defendant requests help. Bertoli, 994 F.2d at 1019.

    b. Standby counsel must be prepared to conduct defendant's case in the event he wishes to terminate his *pro se* status and the court grants the request. Id.; United States v. Leveto, 540 F.3d 200, 207 (3d Cir. 2008).

    c. Standby counsel must be prepared to explain the basic rules of court protocol and procedure to defendant. Bertoli, 994 F.2d at 1019.

---

[1] The court reiterates that if Parker engages in serious misconduct, the court may terminate his self-representation. Faretta, 422 U.S. at 834 n.46. Serious misconduct might include, but is not limited to, actions that obstruct or manipulate the proceedings. The court may also consider evidence of dilatory motive as a basis for revoking a defendant's right to self-representation. United States v. Leveto, 540 F.3d 200, 207 (3d Cir. 2008).

d.   Standby counsel must be prepared to aid defendant in "overcom[ing] routine obstacles that may hinder effective *pro se* representation."  Id.

   e.   Standby counsel must be prepared to conduct defendant's case in the event that the court terminates defendant's *pro se* status due to deliberate or obstructionist misconduct.  Faretta, 422 U.S. at 834 n.46.

7. To the extent that Parker intends to apply to the court for issuance of subpoenas under Federal Rule of Criminal Procedure 17(b), he shall first file with the court—**under seal**—a request for such subpoena. The request must be accompanied by a description of the testimony and evidence expected to be elicited from each witness Parker wishes to be subpoenaed and its relevance to the above-captioned matter.  See FED. R. CRIM. P. 17(b).  Any subpoena request shall be filed on or before **Monday, November 25, 2019**.

8. The pretrial and trial deadlines established in this court's September 25, 2019 order (Doc. 21) remain in effect.

> /S/ CHRISTOPHER C. CONNER
> Christopher C. Conner, Chief Judge
> United States District Court
> Middle District of Pennsylvania