IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:19-CR-227 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| TRAVIS PARKER, | : | |
| | : | |
| Defendant | : | |

## **MEMORANDUM**

*Pro se* defendant Travis Parker filed a motion (Doc. 124) *in limine* to exclude evidence of his prior conviction during trial. The court will defer ruling on Parker's motion because we presently lack sufficient information to determine admissibility under Federal Rule of Evidence 609.

**I.    Factual Background & Procedural History**

In July 2019, a federal grand jury returned a three-count indictment charging Parker with distribution of cocaine hydrochloride on September 4, 2018, in violation of 21 U.S.C. § 841(a)(1) (Count 1); possession with intent to distribute 28 grams and more of cocaine base on January 30, 2019, in violation of 21 U.S.C. § 841(a)(1) (Count 2); and possession with intent to distribute cocaine hydrochloride on January 30, 2019, in violation of 21 U.S.C. § 841(a)(1) (Count 3). Parker pled not guilty and was appointed counsel from the Federal Public Defender's Office. Parker requested to proceed *pro se* and, following a hearing, was permitted to represent himself.

Following the disposition of several other pretrial motions, the court scheduled a jury trial to begin on November 2, 2020. Thereafter, Parker filed the instant motion *in limine* to exclude evidence of his prior conviction if he chooses to

testify. The government opposes the motion and maintains that the conviction is admissible. Parker's motion is now ripe for disposition.

## II. Discussion

Parker contends that the prejudice resulting from admission of his previous conviction will outweigh its probative value under Rule 403. (Doc. 124). The government maintains that Parker's previous narcotics conviction is admissible under Rule 609(a)(1)(B). (Doc. 130). Because Rule 609(a)(1)(B) "reflects a heightened balancing test and a reversal of the standard for admission under Rule 403," we will analyze Parker's motion under Rule 609 rather than Rule 403.[1] See United States v. Caldwell, 760 F.3d 267, 286 (3d Cir. 2014).

Under Rule 609, evidence of a criminal defendant's prior felony conviction "must be admitted . . . if the probative value of the evidence outweighs its prejudicial effect to that defendant." FED. R. EVID. 609(a)(1)(B). Admission of a prior felony "is premised on 'the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath.'" Walden v. Ga.-Pac. Corp., 126 F.3d 506, 523 (3d Cir. 1997) (citing Cummings v. Malone, 995 F.2d 817, 826 (8th Cir.1993)). The government bears the burden of proving admissibility under subsection (a)(1)(B). Virgin Islands v. Bedford, 671 F.2d 758, 761 (3d Cir. 1982). To determine the prior conviction's admissibility, district

---

[1] And even if Rule 403 were to apply, our court of appeals has cautioned that Rule 403 objections should rarely be granted in advance of trial without the benefit of a developed record. See, e.g., *In re* Paoli R.R. Yard PCB Litig., 916 F.2d 829, 859-60 (3d Cir. 1990).

courts consider four factors: "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the [defendant's] testimony to the case; [and] (4) the importance of the credibility of the defendant." Caldwell, 760 F.3d at 286 (quoting Bedford, 671 F.2d at 761 n.4).

Under the first factor, district courts consider not only the "impeachment value of the prior conviction," but also "similarity to the charged crime." Id. at 286. A prior conviction with high impeachment value tilts in favor of admission, but a prior conviction for a similar offense is more likely to be excluded, since admission "often does little to impeach the credibility of a testifying defendant while undoubtedly prejudicing him." Id.; see also United States v. Hans, 738 F.2d 88, 94 (3d Cir. 1984).

The government argues that the nature of Parker's prior conviction, a drug felony, indicates that it has high impeachment value. The government concedes that Parker's prior conviction is not *crimen falsi*,[2] but claims that "drug trafficking is inherently deceptive" and that "secrecy and deception are essential hallmarks of the drug trade." (Doc. 130 at 3). Even if we were to agree with the government on this point—and to be clear, we are not persuaded—the government fails to acknowledge

---

[2] Convictions that are considered "*crimen falsi*" are admitted under Rule 609(a)(2), which requires admission of a prior conviction if the offense has as an element "a dishonest act or false statement." FED. R. EVID. 609(a)(2). Our court of appeals has advised that such crimes typically involve "communicative, often verbal, dishonesty." Walker v. Horn, 385 F.3d 321, 334 (3d Cir. 2004) (quoting Virgin Islands v. Toto, 529 F.2d 278, 281 (3d Cir. 1976)). *Crimen falsi* offenses include, for example, "perjury, criminal fraud, embezzlement, false pretense or any other offense the commission of which involves some element of untruthfulness, or falsification bearing on the accused's propensity to testify truthfully." Id. There is no binding precedent that brings drug convictions under the umbrella of *crimen falsi*.

3

or address the previous conviction's similarity to the instant charge.  See Caldwell, 760 F.3d at 286.  According to the indictment and Section 851(a) information, Parker was convicted in May 2003 of "possession with intent to distribute a controlled substance" and "conspiracy to distribute a controlled substance."  (Docs. 1, 93).  Two of the three pending charges against Parker are for possession with intent to distribute, matching one count of his previous conviction.  Cf. Caldwell, 760 F.3d at 288.  If we admit the previous conviction, the risk of prejudice proliferates: even with a limiting instruction, there is a high likelihood that a jury would infer from the past conviction at least "some probability" that Parker committed the offense charged in this case.  Cf. Caldwell, 760 F.3d at 286.  We fail to see how the impeachment value of this conviction would outweigh the danger of prejudice under the first factor.

The second factor, which considers temporal proximity, favors admission when the prior conviction occurred recently enough to retain its probative value.  See Sharif v. Picone, 740 F.3d 263, 273 (3d Cir. 2014) (citing United States v. Greenidge, 495 F.3d 85, 97 (3d Cir. 2007)).  Four years, for example, is not "remote in time," see Greenidge, 495 F.3d at 93, 95, 97, but at six years out, probative value begins to diminish, see Caldwell, 760 F.3d at 289.  However, a remote conviction may retain its probative value if the defendant's term of incarceration just ended, or if the defendant "has multiple intervening convictions."  Caldwell, 760 F.3d at 287.

In Parker's case, the government correctly notes that the previous conviction falls within the ten-year lookback window under Rule 609(a).  Cf. FED. R. EVID. 609(a).  However, the government states that Parker's previous incarceration ended in 2014; it is therefore closer to the limit of the ten-year ceiling.  The government has also not

4

alleged "multiple intervening convictions" that would increase the probative value of this particular conviction. See Caldwell, 760 F.3d at 287. Indeed, the government concedes this factor, as Parker's 2014 release is based on a 2001 arrest and a 2003 conviction. (Docs. 1, 130 at 4). Accordingly, this factor favors exclusion.

Under the third factor, courts inquire into "the importance of the defendant's testimony to his defense at trial." Caldwell, 760 F.3d at 287. If the court believes the defendant "must testify to refute strong prosecution evidence," this factor weighs against admission. Id. (quoting GLENN WEISSENBERGER & JAMES J. DUANE, WEISSENBERGER'S FEDERAL EVIDENCE § 609.2 (4th ed. 2001)). But if a defendant's testimony has the support of other witnesses or evidence, it becomes less critical, and this factor weighs in favor of admission. Id. at 288.

The government characterizes Parker's testimony as "not critical" because "he can employ his anticipated defense" through the testimony of a private investigator. (Doc. 130 at 4). While we do not doubt the sincerity of the government's argument, neither the government nor the court can definitively predict Parker's trial strategy. Parker's testimony may be very important if he decides to be the sole defense witness. See Sharif v. Picone, 740 F.3d 263, 273 (3d Cir. 2014). Without knowing what evidence the parties intend to adduce at trial, the court currently lacks a sufficient basis to assess the importance of Parker's hypothetical testimony. This factor is best addressed at trial on a developed record.

Under the fourth factor, courts consider whether a defendant's credibility is vital to his defense. If the defendant's "credibility is a central issue," this factor favors admission. Caldwell, 760 F.3d at 288 (quoting 5 JACK B. WEINSTEIN &

5

MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE § 609.05 (2d ed. 2011)). But if a defendant's testimony consists of less important or duplicative information, this factor counsels against admission.³ Id.

The government argues that Parker's potential testimony may "contradict the testimony of several police officers." (Doc. 130). The court also acknowledges that if Parker alone testifies, his credibility will be crucial to his defense. The case may develop into a "battle between [Parker's] version of events and that of [law enforcement]." See Caldwell, 760 F.3d at 288. But for the same reasons stated under factor three, the court presently lacks sufficient information to evaluate this factor.

## IV.  Conclusion

For the reasons stated above, the court will defer ruling on Parker's motion (Doc. 124) *in limine* to exclude his prior conviction. The court will revisit the admissibility of this conviction at the close of the government's case in chief, if Parker elects to testify. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   October 30, 2020

---

³ As our court of appeals has acknowledged, there is a "tension between the related third and fourth factors." Caldwell, 760 F.3d at 288 n.15. They appear to "cancel each other out." Id. (quoting ROGER PARK & TOM LININGER, THE NEW WIGMORE: IMPEACHMENT AND REHABILITATION § 3.4.4.1.1.4 (2012)). Regardless of that tension, this court is bound by Caldwell's conclusion that these "independent components of the Rule 609(a)(1) balancing inquiry . . . should continue to inform the district court's admissibility determination." Id.